### LOWENBEIN et al. v. FULDNER.

(Superior Court of New York City, General Term.    January 3, 1893.)

INJUNCTION—CONTRACT—PUBLIC POLICY.
> Injunction will lie to restrain the violation of a contract to manufacture for plaintiff, and for no one else, an article of furniture made according to a spe-cial and unique design furnished by the plaintiff, since such a contract is not against public policy, and there is no adequate remedy at law.

Appeal from equity term.
Suit for injunction brought by David Lowenbein and another against Henry Fuldner.    Plaintiffs obtained judgment.    Defendant appeals. Affirmed.
Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

A. Kling, for appellant.
S. P. Rothschild, for respondents.

FREEDMAN, J.    The action is brought to enjoin the violation by the defendant of the stipulations of a contract made between the parties, whereby the defendant engaged to manufacture for the plaintiffs, and not otherwise, a certain article of merchandise known as a "sideboard," of a certain character and description, according to a special and unique design and certain working drawings furnished by the plaintiffs.    The restriction imposed by the contract upon the defendant is a reasonable one, and there is nothing in it which is against public policy.    At the trial the plaintiffs brought their case fully within the principle of the decision of Saltus v. Belford Co., 133 N. Y. 499, 31 N. E. Rep. 518, and also satisfactorily showed that the common law affords them no ade-quate remedy against the violations, actual and threatened, of the con-tract by the defendant.    Upon the whole case, the equitable interposi-tion of the court is fully justifiable, and the defendant stands properly enjoined.    The judgment should be affirmed, with costs.    All concur.